STATE OF HAWAII, Plaintiff-Appellee, *v.* MICHAEL MEIDELL McDOUGALL, Defendant-Appellant

NO. 6154

JULY 6, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* At about 1:30 A.M., a police officer in the company of three other officers observed five men, including appellant, standing and sitting at the entrance to an alleyway from a public street in a downtown area. A barber shop was open in the area, and there were bars in the area which usually closed at a later hour, but other businesses were closed. The officer and his companion officers conducted a patdown search of the men for weapons and contraband. In the course of searching appellant the officer discovered an unloaded pistol in a pocket of appellant's clothing. Appellant was subsequently indicted and tried for carrying a firearm without a permit in violation of HRS § 134-9. Appellant's motion to suppress the pistol was denied, it was admitted in evidence over appellant's objection, and appellant's conviction and this appeal followed.

At the suppression hearing, the police officer testified that the five men were "acting in a suspicious manner, looking over their shoulders" when first noticed, that he recognized one of the group as a "police character", that the place was in a "high crime area" and that he did not notice any criminal activity going on or any weapons when he approached the men. The patdown search was stated by the

officer to be for his and his companion officers' safety, and not because of a belief that they possessed weapons or contraband.

In *State v. Giltner,* 56 Haw. 374, 537 P.2d 14 (1975), police officers received a complaint that a group of men on the second floor landing of a building were creating a disturbance. The officers went to the building and found three men, including the defendant, on the second floor landing. There was then nothing unusual about their conduct, but a patdown search was conducted and a knife was found on the defendant. One of the officers testified that the defendant was known to have been offensively armed on a prior occasion and that the officer felt that for the officer's own safety and the best interest of the people around the defendant should be searched. On appeal from a conviction of carrying a deadly weapon, we reversed on the alternative grounds that the knife was not a proscribed weapon and that the search was constitutionally impermissible.

In *Giltner* we pointed out that a field interrogation of the defendant and his companions would have been proper but that the self-protective search for weapons was improper in the absence of particular facts from which the officer reasonably inferred that the defendant was armed and dangerous, citing *Sibron v. New York,* 392 U.S. 40 (1968). The circumstances of the present case are not distinguishable in material respects from *Giltner.* We consider that *Giltner* was correctly decided and requires that appellant's conviction be reversed.[1] See also *State v. Joao,* 55 Haw. 601, 525 P.2d 580 (1974); *State v. Onishi,* 53 Haw. 593, 499 P.2d 657 (1972); *State v. Barnes,* 58 Haw. 333, 568 P.2d 1207 (1977).

Reversed.

*Alvin T. Ito,* Deputy Public Defender *(Richard C. F. Chun,* Deputy Public Defender, on the briefs) for defendant-appellant.

---

[1] In oral argument, counsel for the State conceded that *Giltner* requires reversal in the present case.

*Lydia Garcia,* Deputy Prosecuting Attorney, for plaintiff-appellee.

